UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESUS SANTIAGO, JR.,

     Plaintiff,

v.                                Case No. 8:24-cv-1330-WFJ-AAS

NENO RESEARCH LLC,

     Defendant.

_____/

## ORDER

Defendant Neno Research LLC (Neno) moves to compel Plaintiff Jesus Santiago, Jr. to provide full and complete responses to Neno's Third Set of Interrogatories concerning Mr. Santiago's expert witness. (Doc. 91). Neno also requests an award of the reasonable expenses it incurred in bringing this motion. (*Id.*). Mr. Santiago responded in opposition. (Doc. 96). On April 20, 2026, Neno filed a reply. (Doc. 98).

## I.    Background

Mr. Santiago brings this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b). Mr. Santiago alleges Neno "violated 15 U.S.C. § 1681e(b) by failing to establish or to 'follow reasonable procedures to assure maximum possible accuracy' in preparation of the employment report it sold about Plaintiff as well as the information it published within the same." (Doc.

1

1, p. 22). Mr. Santiago lost his job as a result of an erroneous background check provided by Turn Technologies (Turn). Neno acted as the "data furnisher" to Turn.

On January 9, 2026, the day of the expert disclosure deadline, Mr. Santiago designated Thomas Jaeb of J2 Risk Advisors as his expert. (Doc. 91, p. 4). On January 14, 2026 (two months prior to the March 11, 2026 expert discovery deadline), Neno served its Third Set of Interrogatories on Mr. Santiago. Neno alleges the disputed Interrogatories "sought basic, relevant information about Mr. Jaeb's expert opinions." (Doc. 91, p. 12). Nine Interrogatories are the subject of this motion to compel. They are as follows:

> **INTERROGATORY No. 15:** Identify all Documents that Your counsel provided to Jaeb that he considered, reviewed, or relied upon in forming any opinion expressed in the Report.

> **INTERROGATORY No. 16:** Identify all assumptions that Your counsel provided to Jaeb that he adopted, considered, or relied upon in forming the opinions in the Report, and State the substance of each such assumption and how it was Communicated to him.

> **INTERROGATORY No. 17:** Identify each person who assisted Jaeb in preparing the Report, including for each such person: the tasks performed, the person's employer at the time, qualifications relevant to the tasks performed, and any materials or work product they prepared that Jaeb considered, reviewed, or relied upon in forming his opinions.

> **INTERROGATORY No. 18:** Identify each company other than

2

Marden [sic] that "vetted" Heartland's[1] policies and procedures for background reporting, and State whether any such company was a Consumer Reporting Agency.

**INTERROGATORY No. 19:** To the extent referenced in, or forming a basis for, the opinions in the Report, Identify each attorney with whom Jaeb consulted while working at Heartland and J2 concerning policies and procedures related to FCRA compliance, and Describe in general terms the nature of those consultations without disclosing the substance of privileged communications.

**INTERROGATORY No. 20.** To the extent referenced in, or forming a basis for, the opinions in the Report, Identify each executive leader outside of Heartland or J2 with whom Jaeb had "detailed discussions" about "best practices for consumer reporting and general compliance issues," and Identify the company for each such executive leader.

**INTERROGATORY No. 21.** Identify each Consumer Reporting Agency that Heartland purchased or evaluated for potential acquisition, the approximate date of the purchase or diligence, and the scope of diligence that Jaeb States he conducted, to the extent those facts are mentioned or underlie any opinion in the Report.

**INTERROGATORY No. 22.** Explain what Jaeb means by "150,000 open-source intelligence projects," including the types of projects encompassed, the period of time over which he participated in that number of projects, and his role and responsibilities in those projects to the extent this experience is offered as a basis for his opinions.

**INTERROGATORY No. 23.** Identify "[a]ll documents and websites" and/or "[a]dditional discovery documents produced by Neno, Turn, and/or Plaintiff in connection with this case" that Jaeb considered, reviewed, or relied upon in connection with the Report,

---

[1] "Heartland is Jaeb's former employee. Jaeb claims that Heartland was a consumer reporting agency. Marsden purchased Heartland." (Doc. 91, fn. 1).

identifying documents by Bates number and websites by URL and date(s) accessed.

(Doc. 91-3).

On February 26, 2026, Mr. Santiago served his objections to the Interrogatories. (Doc. 91-7). He declined to substantively respond to the Interrogatories and asserted three objections: the interrogatories (1) seek information not within Plaintiff's possession, custody, or control; (2) are untimely because the interrogatories were served on January 14, 2026, 36 days after the close of fact discovery; and (3) are overbroad and not proportional to the needs of the case. (Doc. 91-7, pp. 5–11). Then, on March 31, 2026, after Neno filed its motion to compel, Mr. Santiago supplemented his answers to the interrogatories. (Doc. 96-4).

Mr. Santiago groups the nine disputed interrogatories into two categories: (1) "Information already disclosed with Plaintiff's expert disclosure (Interrogatory Nos. 15–17, and 23)[;]" and (2) "The operations and communications of non-party entities with no bearing whatsoever on any claim or defense in this action (Interrogatory Nos. 18–22)." (Doc. 96, p. 11).

## II.    Legal Standard

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery. It states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-cv-1185-ACC-T_S, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted).

"Federal Rules of Civil Procedure 33(a)(2) and 34(a) authorize parties to serve upon each other interrogatories and document requests which relate to any matter that may be inquired into under Rule 26(b)." *LaCombe v. Walt Disney Parks & Resorts U.S. Inc.*, No. 619CV835ORL40LRH, 2019 WL 13248733 at *2 (M.D. Fla. Nov. 1, 2019). "Both rules also require the responding party who objects to an interrogatory or request for production to state with specificity the reasons for the objection. Fed. R. Civ. P. 33(b)(2), Fed. R. Civ. P. 34(b)(2)(B)." *Id.*

## III.   Analysis

The court begins the analysis by assessing Mr. Santiago's contentions that the Interrogatories are untimely, and the information is outside Mr.

5

Santiago's possession, custody, and control because these contentions apply globally to the disputed interrogatories.[2] Then, the court will assess each interrogatory individually.

### A.   The interrogatories are timely

In Mr. Santiago's initial February 26, 2026, answers to the interrogatories, Mr. Santiago objected to the timing of all nine Interrogatories stating, "Plaintiff further objects to this Interrogatory as untimely, discovery closed on December 9, 2025. These Interrogatories were served on January 14, 2026, 36 days after the close of fact discovery." (Doc. 91-7). In Mr. Santiago's supplemental answers (March 31, 2026) he omitted the timeliness objection from Interrogatory Nos. 15 and 16. He maintained the timeliness objection as to the remaining Interrogatories. Neno argues the interrogatories are timely.

The interrogatories are timely, and Mr. Santiago's objections based on timeliness are overruled. The Case Management and Scheduling Order set the discovery deadline as December 9, 2025, and the deadline for Expert Discovery

---

[2] In the response, Mr. Santiago concedes, "Generalities about whether any requested information is within Plaintiff's control, timing, or whether discovery regarding an expert is generally permissible is not in dispute." (Doc. 96, p. 10). However, the court addresses these objections because they are included in the Interrogatory answers. (Doc. 91-7).

Completion as March 11, 2026.[3] (Doc. 59). Mr. Santiago disclosed Mr. Jaeb as an expert on January 9, 2026, and Neno served the Interrogatories on January 14, 2026. The CMSO contemplated expert discovery occurring after the discovery deadline and even identified the expert discovery deadline. (Doc. 59, p. 1). Therefore, the interrogatories, which are focused on expert discovery, are timely. The timeliness objection is overruled as to all nine interrogatories.

> **B.    The Interrogatories seek information within Mr. Santiago's possession, custody, or control**

In Mr. Santiago's initial answers to the interrogatories, Mr. Santiago objected to all nine interrogatories on the basis that the interrogatory "seeks information not within Plaintiff's possession, custody, or control." (Doc. 91-7). In the supplemental answers, this objection was omitted as to Interrogatory Nos. 15 and 16. He maintained the objection in the remaining answers. (Doc. 96-4). Neno argues the requested information is within Mr. Santiago's possession, custody, or control.

Information held by a plaintiff's attorney is within the plaintiff's possession, custody, or control. *See Quiterio v. QBE Specialty Ins. Co.*, No. 8:16-CV-1895-T-35JSS, 2019 WL 13064730 at *3 (M.D. Fla. Nov. 8, 2019) ("Plaintiff

---

[3] On April 21, 2026, the court amended the CMSO and set the expert discovery deadline as July 10, 2026, and the dispositive motion deadline as July 13, 2026. (Doc. 102).

may not limit her interrogatory responses based solely on her lack of personal knowledge where her counsel possesses responsive information."); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) ("Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand.").

Likewise, information held by a plaintiff's retained expert is within the plaintiff's possession, custody, or control. *See Go Mobile Flooring, LLC v. Blue Banyan Sols., Inc.*, 663 F. Supp. 3d 1294, 1315 (M.D. Fla. 2023) ("[T]he proponent of expert testimony is required to disclose not only the opinions the expert witness will express, but also 'the basis and reasons for them.'") (quoting Fed R. Civ. P. 26(a)(B)(i)).

Interrogatory Nos. 15, 16, 17, and 23 target information in the possession of Mr. Santiago's counsel. Interrogatory Nos. 18–23 target information held by Mr. Jaeb relating to the basis and reasons for his expert opinion. Accordingly, the interrogatories request information within Mr. Santiago's possession, custody, or control. Mr. Santiago's objection based on the information not being within his "control" is overruled as to all nine interrogatories.

## C.   The individual interrogatories

The remaining analysis individually addresses each disputed interrogatory.

8

*Interrogatory no. 15*

This interrogatory requests Mr. Santiago to "Identify all Documents that Your counsel provided to Jaeb that he considered, reviewed, or relied upon in forming any opinion expressed in the Report." (Doc. 91-3, p. 6). In the supplemental answers, Mr. Santiago objects to this interrogatory "to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or counsel's mental impressions, legal theories, or litigation strategy." (Doc. 96-4, p. 2). He also objects on the grounds that the Interrogatory is "overbroad and unduly burdensome to the extent it seeks to require Plaintiff to identify 'all documents' counsel provided to Jaeb without limitation . . . ." (*Id.*). Further, he also objects "to the extent it seeks information already disclosed, or will be disclosed, through Plaintiff's expert disclosures, expert report, and any materials required by Rule 26." (*Id.*) Then, subject to these objections, Mr. Santiago refers Neno to page 11 of Jaeb's expert report, which identifies information responsive to this interrogatory. (*Id.*).

First, Mr. Santiago's objection that the interrogatory requests privileged or protected information is overruled. "The Advisory Committee notes to the 1993 Amendments to Fed. R. Civ. P. 26(a)(2) state that an expert's report should disclose all information *considered* by the expert, and '[g]iven this obligation of disclosure, litigants should no longer be able to argue that

9

materials furnished to experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.'" *Tampa Bay Water v. HDR Eng'g, Inc.*, No. 8:08-CV-2446-T-27TBM, 2010 WL 11507792 at *2 (M.D. Fla. Oct. 15, 2010) (quoting Fed. R. Civ. P. 26 advisory committee notes to 2003 amendments).

Second, Mr. Santiago's objection that the interrogatory is overbroad and unduly burdensome because it seeks to discover all documents provided to Mr. Jaeb without limitation is overruled. Contrary to the objection, the interrogatory appropriately limits the request to all documents Mr. Jaeb "considered, reviewed, or relied upon in forming any opinion expressed in the report."

Third, Mr. Santiago's objection that the interrogatory requests information already disclosed, or that will be disclosed, is overruled. Mr. Jaeb's expert report is already disclosed and does not sufficiently identify all materials considered. In the "Materials Considered" section of the expert report, it identifies the following materials were considered: "Additional discovery documents produced by Neno, Turn, and/or Plaintiff in connection with this case." (Doc. 96-3, p. 15). This categorization of materials does not sufficiently identify which documents Mr. Jaeb relied on or considered in

10

forming his expert opinion and report. Lastly, discovery into the materials an expert considered are relevant and proportional to the needs of the case. Accordingly, the motion to compel is **GRANTED** as to Interrogatory no. 15.

*Interrogatory no. 16*

This interrogatory requests Mr. Santiago to "Identify all assumptions that Your counsel provided to Jaeb that he adopted, considered, or relied upon in forming the opinions in the Report, and State the substance of each assumption and how it was Communicated to him." (Doc. 91-3, p. 5).

In the supplemental interrogatory answers, Mr. Santiago again objects that the requested information is protected by the attorney-client privilege and work-product doctrine. (Doc. 96-4, p. 4). He also asserts this interrogatory is overly broad, unduly burdensome, and vague "to the extent it seeks to identify 'all assumptions' that counsel allegedly 'provided' to Dr. Jaeb, including assumptions not actually adopted, considered, or relied upon by him . . . ." (*Id.*).

To the extent Mr. Santiago continues to object to this interrogatory, the objections are overruled. As determined above, information disclosed to an expert witness is not protected by the attorney-client privilege or work-product protection. *See Tampa Bay Water*, 2010 WL 11507792. Additionally, the interrogatory is appropriately limited and is not overly broad, unduly burdensome, or vague. Accordingly, the motion to compel is **GRANTED** as to

11

Interrogatory no. 16. If Mr. Santiago maintains "there were no such assumptions provided to Mr. Jaeb or relied upon by Mr. Jaeb" then he must answer the interrogatory as such without qualifying the answer.

*Interrogatory no. 17*

This interrogatory requests the identity of "each person who assisted Jaeb in preparing the Report . . . and any materials or work product they prepared that Jaeb considered, reviewed, or relied upon in forming his opinions." (Doc. 91-3, p. 7). Mr. Santiago did not substantively respond to this interrogatory. In the response, Mr. Santiago argues Mr. Jaeb did not consider, review, or rely upon the assistance of a third party in preparing his report. (Doc. 96, p. 14).

Upon review, the interrogatory is relevant and proportional to the needs of the case because it requests information related to the basis and formation of the expert's opinion. Accordingly, the motion to compel is **GRANTED** as to Interrogatory no. 17. If Mr. Santiago maintains Mr. Jaeb did not receive any third-party assistance in preparing his report, then Mr. Santiago must answer the interrogatory accordingly.

*Interrogatory no. 18*

This interrogatory requests Mr. Santiago to "Identify each company other then Marden that 'vetted' Heartland's policies and procedures for

background reporting, and state whether any such company was a Consumer Reporting Agency." (Doc. 91-3, p. 7). Mr. Santiago declined to substantively respond to the interrogatory, and the only remaining objection is the relevancy and proportionality of the interrogatory.

Mr. Santiago argues Heartland is not a party to this action and therefore Heartland's policies and procedures have no relevance to this action. (Doc. 96, p. 16). Neno argues it is not seeking discovery into the operation of Heartland, and the interrogatory targets the foundation and reliability of Mr. Jaeb's expert opinions. (Doc. 98, p. 4).

Mr. Jaeb recounts his experience in the background reporting industry to establish the basis for his expertise in the industry. In the "Relevant Experience and Basis for Expertise" section of Mr. Jaeb's report, he states "Heartland's . . . policies and procedures were vetted many times over . . ." and "[t]hroughout my 30+ year career in the background reporting industry, I have gained significant knowledge and expertise about background reporting in many ways." (Doc. 96-3, p. 7).

Upon consideration, the interrogatory is relevant and proportional because Mr. Jaeb relies on his experience to form the basis of his expert opinion, and the interrogatory seeks factual information to allow Neno to test the basis of Mr. Jaeb's experience. Accordingly, the motion to compel is

13

**GRANTED** as to Interrogatory no. 18.

*Interrogatory no. 19*

This interrogatory requests Mr. Santiago "[t]o the extent referenced in, or forming a basis for, the opinions in the Report, Identify each attorney with whom Jaeb consulted while working at Heartland and J2 concerning policies and procedures relating to FCRA compliance . . . ." (Doc. 91-3, p. 7). Mr. Santiago declined to substantively respond to the interrogatory and the only remaining objection is the relevancy and proportionality of the interrogatory.

Upon review, the interrogatory is relevant and proportional. Mr. Jaeb's expert report states Mr. Jaeb worked with attorneys to ensure compliance with applicable reporting laws. (Doc. 96-3, p. 6). This experience forms the basis of Mr. Jaeb's asserted expertise in the field. Neno should be permitted to test the underlying facts supporting the foundation for Mr. Jaeb's opinion and expertise. In addition, the interrogatory is properly limited in scope. Accordingly, the motion to compel is **GRANTED** as to Interrogatory no. 19.

*Interrogatory no. 20*

This interrogatory requests Mr. Santiago "[i]dentify each executive leader outside of Heartland or J2 with whom Jaeb had 'detailed discussions' about 'best practices for consumer reporting and general compliance issues . . . .'" (Doc. 91-3, p. 7). Mr. Santiago declined to substantively respond to the

14

interrogatory, and the only remaining objection is the relevancy and proportionality of the interrogatory.

In the expert report, Mr. Jaeb cites his detailed discussions with executive leaders about best practice for consumer reporting to support his claimed expertise in the field. (*see* Doc. 96-3, p. 7). For similar reasons as discussed above, the interrogatory is relevant and proportional because Neno is entitled to discover and test the underlying information supporting Mr. Jaeb's claimed expertise. Accordingly, the motion to compel is **GRANTED** as to Interrogatory no. 20.

*Interrogatory no. 21*

This interrogatory requests Mr. Santiago to "Identify each Consumer Reporting Agency that Heartland purchased or evaluated for potential acquisition . . . and the scope of diligence that Jaeb States he conducted, to the extent those facts are mentioned or underlie any opinion in the Report." (Doc. 91-3, pp. 7–8). Mr. Santiago declined to substantively respond to the interrogatory, and the only remaining objection is the relevancy and proportionality of the interrogatory.

The interrogatory is relevant and proportional because it seeks information pertaining to Mr. Jaeb's ability to evaluate consumer reporting agency procedures. Neno is entitled to discovery into this information to test

15

the underlying foundation of Mr. Jaeb's expertise. In addition, the scope of the interrogatory is properly limited to information mentioned in the expert report. Accordingly, the motion to compel is **GRANTED** as to Interrogatory no. 21.

*Interrogatory no. 22*

This interrogatory requests Mr. Santiago to "Explain what Jaeb means by '150,000 open-source intelligence projects' . . . to the extent this experience is offered as a basis for his opinions." (Doc. 91-3, p. 8). Mr. Santiago declined to substantively respond to the interrogatory, and the only remaining objection is its relevance and proportionality.

In the expert report, Mr. Jaeb asserts his involvement with "more than 150,000 open source-intelligence projects . . . [grew his] knowledge base and allowed [him] to constantly refine [his] approach to background reporting." (Doc. 96-3, p. 7). This claim supports Mr. Jaeb's basis for his expertise in the background reporting field. Neno's request to learn more information about Mr. Jaeb's experience with open-source intelligence projects, which form the basis of his expertise are relevant to claims and defenses in this action. Neno is entitled to test the underlying factual information on which Mr. Jaeb bases his expertise. In addition, the scope of the interrogatory is properly limited. Accordingly, the motion to compel is **GRANTED** as to Interrogatory no. 22.

*Interrogatory no. 23*

16

This interrogatory requests Mr. Santiago to "Identify '[a]ll documents and websites' and/or '[a]ddtional discovery documents produced by Neno, Turn, and/or Plaintiff in connection with this case' that Jaeb considered, reviewed, or relied upon in connection with the Report . . . ." (Doc. 91-3, p. 8). Mr. Santiago declined to provide a substantive response to the interrogatory, and the only remaining objection is its proportionality. In the response, Mr. Santiago does not argue this interrogatory is irrelevant.

Mr. Santiago argues "there is nothing to compel" because "Plaintiff has already produced his expert disclosure, as well as supplemental discovery responses." (Doc. 96, p. 11). He argues the "information is already self-contained in Plaintiff's export disclosure and evident on the face of that disclosure." (*Id.* at 13). Discovery documents reviewed by a testifying expert are relevant and proportional to the needs of the case. As the court concluded with interrogatory no. 15, the identification of "[a]dditional discovery documents produced by Neno, Turn, and/or Plaintiff in connection with this case" (Doc. 96-3, p. 15) does not sufficiently identify which documents Mr. Jaeb relied on or considered in forming his expert opinion and report. Accordingly, the motion to compel is **GRANTED** as to interrogatory no. 23.

## IV.   Conclusion

Accordingly, Neno's motion to compel (Doc. 91) is **GRANTED**. Mr.

Santiago must answer the Interrogatories by **May 8, 2026**. Further, Neno's reasonable attorney's fees and expenses incurred in bringing this motion are awarded against Mr. Santiago. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion [to compel] is granted . . . the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). Counsel for both parties must confer and attempt to agree on the reasonable amount of attorney's fees and costs incurred in relation to this motion. If counsel cannot agree, Neno may move the amount requested with supporting documentation.

**ORDERED** in Tampa, Florida, on April 28, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

18